JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CIPRESSI, JOANNE

## DEFENDANTS
Bristol Borough; Anderson, Samuel C.; Porter, Arnold A.; Moors, Joseph; Morris, Randy; Doe, John/Jane #1-10

**(b)** County of Residence of First Listed Plaintiff **Bucks County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Bucks County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James, Schwartz & Associates, P.C. 1500 Walnut Street 21st Floor Philadelphia, PA 19102. (215) 751-9865

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. section 1983
Brief description of cause:
Assault by a Police Officer - civil rights violations

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
2,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE
04/09/2010

SIGNATURE OF ATTORNEY OF RECORD
Jill J. Holden, Esquire   *[signature]*   4.9.10

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1932 Trenton Avenue, Bristol, PA 19007_

Address of Defendant: _250 Pond Street Bristol, PA 19007_

Place of Accident, Incident or Transaction: _1932 Trenton Avenue, Bristol, PA 19007_
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☑

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes ☐   No ☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _Jill J. Holden_ , counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _4.9.10_     _Jill J. Holden_     _92119_
Attorney-at-Law                          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4.9.10_     _Jill J. Holden_     _92119_
Attorney-at-Law                          Attorney I.D.#

CIV. 609 (6/08)

APPENDIX I

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Joanne Cipressi      :      CIVIL ACTION

         v.      :

Bristol Borough      :      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.      ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits      ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.      ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)      ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.      (✓)

| 4.9.10 | Jill J. Holden | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215.751.9865 | 215.751.0658 | jholden@civilrightspa.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOANNE CIPRESSI,<br>1932 TRENTON AVENUE<br>BRISTOL, PA 19007 | : | |
| | : | CIVIL ACTION NO. |
|      *PLAINTIFF*, | : | |
|      V. | : | |
| BRISTOL BOROUGH<br>250 POND STREET<br>BRISTOL, PA 19007 | : | |
| AND | : | JURY TRIAL DEMANDED |
| SAMUEL C. ANDERSON, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY AS A BRISTOL<br>BOROUGH POLICE OFFICER | : | |
| AND | : | |
| ARNOLD A. PORTER, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY AS BRISTOL BOROUGH<br>POLICE DEPARTMENT CHIEF OF POLICE | : | |
| AND | : | |
| JOSEPH MOORS, INDIVIDUALLY AND IN<br>HIS OFFICIAL CAPACITY AS A BRISTOL BOROUGH<br>POLICE DEPARTMENT SERGEANT | : | |
| AND | : | |
| RANDY MORRIS, INDIVIDUALLY AND IN<br>HIS OFFICIAL CAPACITY AS A BRISTOL BOROUGH<br>POLICE DEPARTMENT DETECTIVE | : | |
| AND | : | |
| JOHN/JANE DOE #1 – 10, AS INDIVIDUALS AND<br>IN THEIR OFFICIAL CAPACITY AS BRISTOL<br>BOROUGH POLICE DEPARTMENT MEMBERS | : | |
|      *DEFENDANTS* | : | |

## COMPLAINT

### JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and the aforementioned statutory provision.  Plaintiffs further invoke the pendent jurisdiction of this Court, provided by 28 U.S.C. § 1367, to hear and decide claims arising under state law.

2.     This is an action for declaratory, and other appropriate relief, including costs, compensatory, pain and suffering and punitive damages and attorney's fees, to redress the deprivation of Plaintiff's rights secured by 42 U.S.C. §1983 and 42 U.S.C. § 1988 and the law of the State of Pennsylvania.

### PARTIES

3.     Plaintiff JOANNE CIPRESSI, at all times relevant to this Complaint, was and is an adult resident of the Commonwealth of Pennsylvania and the Borough of Bristol.

4.     Defendant BRISTOL BOROUGH, at all times relevant to this Complaint, is a municipality in Bucks County, Pennsylvania, and owns, operates, manages, directs and controls the Bristol Borough Police Department, which employs the individually named defendant police personnel.

5.     Defendant SAMUEL C. ANDERSON, at all times relevant to this Complaint, was an officer in the Bristol Borough Police Department, and an employee of Bristol Borough, acting under color of state law.  He is being sued in both his individual and official capacities.

6.     Defendant ARNOLD A. PORTER, at all times relevant to this Complaint, was the chief of police officer of the Bristol Borough Police Department, acting under color of state law.  He is being sued in both his individual and official capacities.

7.     Defendant JOSEPH MOORS, at all times relevant to this Complaint, was a sergeant for the Bristol Borough Police Department, acting under color of state law.  He is being sued in both his individual and official capacities.

8.     Defendant RANDY MORRIS, at all times relevant to this Complaint, was a detective for the Bristol Borough Police Department, acting under color of state law.  He is being sued in both his individual and official capacities.

9.     Defendants JOHN/JANE DOE #1 – 10, at all times relevant to this Complaint, were employees of the Bristol Borough and/or the Bristol Borough Police Department, acting under color of state law.  They are being sued in both their individual and official capacities.


## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION


10.     In the early morning hours of August 29, 2008, Plaintiff Joanne Cipressi's ex-boyfriend, John-Paul Shirley, showed up at her house after a night of drinking and refused to leave.

11.     Shirley became more and more aggressive toward Plaintiff prompting her to call "9-1-1" for assistance.

12.     At approximately 3:28 AM, two Bristol Borough Police Department patrol cars pulled up in front of Ms. Cipressi's house, including one operated by Defendant Anderson.

13.     Plaintiff, who was wearing a nightgown, covered herself with a robe, and went outside to speak with Defendant Anderson, while the second officer encountered Shirley.

3

14.     Defendant Anderson asked Ms. Cipressi for her name, social security number and the details of what had happened, to which she replied that Shirley had arrived uninvited, overly intoxicated, and began to throw things, including her keys, and refused to leave.

15.     Plaintiff went back into the house and observed Defendant Anderson join the other officer in speaking with Shirley.

16.     Assuming the incident was over; Plaintiff went to bed only to be disturbed by a knock on her door.

17.     To her surprise Plaintiff opened the front door to find Defendant Anderson who informed her that Shirley needed to get his shoes out of the house, to which Plaintiff replied, "sure."

18.     When Plaintiff turned to retrieve the shoes, without asking permission or informing her that he would be accompanying her, Defendant Anderson followed Plaintiff through her house shining his flashlight throughout.

19.     Plaintiff felt slightly uncomfortable as she did not expect Defendant to follow her into the house, let alone, throughout the house.

20.     Defendant Anderson began asking prying questions about Plaintiff's relationship with Shirley, and the troubles she was having with him.

21.     The first indication that Defendant Anderson's interest in Plaintiff's situation was becoming personal came as they were headed back to the front door, when he asked, "Wouldn't you expect your ex-boyfriend to want you, looking like that?"

22.     When Plaintiff replied that she had put on her ugliest nightgown when Shirley arrived, Defendant Anderson responded, "Well I think you look pretty good."

23.     At this time, feeling uncomfortable, Plaintiff gave Defendant Anderson the shoes.

24.    Defendant Anderson went outside and gave Shirley his shoes, and, despite his intoxicated state allowed him to drive away, when Plaintiff remembered that Shirley had taken her keys.

25.    When Plaintiff went out of the back door to where Shirley had parked and asked him for her keys, Defendant Anderson stated that Shirley had told him that he [Shirley] had thrown the keys when he was out front.

26.    Plaintiff went into her home, changed into jeans and a top and was about to exit the front door to look for the keys, when Defendant Anderson opened the door walked in, without knocking or announcing his presence.

27.    Defendant Anderson then followed Plaintiff outside to look for the keys, that, after about ten minutes, he claimed to have found and handed to Plaintiff.

28.    Plaintiff thanked Defendant Anderson and turned to go back inside when Anderson stopped her stating, "Are you going to get naked when you get back into your house?"

29.    Defendant Anderson then inquired, "Can I see you naked sometime?" at which point Plaintiff became frightened, but tried to defuse the situation by commenting that he was married and should not be saying things like that.

30.    Plaintiff opened the door, stepped inside quickly, and attempted to close the door, when Defendant Anderson pushed the door and walked inside behind her, slamming it shut behind him.

31.    Defendant Anderson, who is a very tall with a large frame, and was in full uniform, carrying his gun, baton, handcuffs and other standard-issue items, including the flashlight in hand, stood over Plaintiff causing her to become very scared.

32.    Defendant Anderson then stated, "So now are you going to get naked?" causing Plaintiff, who was now petrified, to stammer a stream of comments, asking him to leave, and

begging, "please don't make me do this," "I don't know you," "you're married," "I'm very tired and need to go to bed," "please, please just leave," trying to deter him.

33.     Defendant Anderson strenuously and repeatedly insisted that Plaintiff take off her pants, insisting that he would not leave unless she did so.

34.     Terrified and upset, Plaintiff removed her pants and stated, "Are you happy now!"

35.     Defendant Anderson then repeated his demands this time with Plaintiff's shirt and bra, resulting in Plaintiff standing naked in her doorway with Defendant Anderson hovering over her in an aggressive and intimidating manner.

36.     Plaintiff then put her shirt back on, hoping that her ordeal was over, told the officer she wanted him to leave now, to which he responded, "No, now I want to taste you."

37.     Plaintiff, now in a near panic, pleaded with Defendant Anderson to stop and to please leave, saying "I did what you told me, I took off my clothes, please leave."

38.     Defendant Anderson insisted that he wanted to taste her, prompting Plaintiff to run through excuse after excuse  --  "No, I was out dancing and I smell down there," "No, I'm tired and have had a long night and have to go to bed," and simply "please don't," and "this is wrong – you know this is wrong."

39.     Defendant Anderson responded that he "didn't care" and that he was not going to leave until he could taste her.

40.     Defendant Anderson physically intimidated Plaintiff by standing right over Plaintiff in a menacing way.  After successfully overcoming Plaintiff emotionally, Defendant Anderson sat down in front of Plaintiff, at which point, he, began to touch her vagina with his tongue and his fingers.

41.     Refusing to stop when Plaintiff complained of pain and begged him to stop, Defendant stated, "I'm not going to stop until you cum," prompting Plaintiff, in an effort to end her ordeal, to pretend to have an orgasm.

42.     This tactic did not work, as Defendant Anderson proceeded unzip his pants and claimed, "Now it's my turn."

43.     When Defendant Anderson refused her entreaties to stop and not force her to do this, Plaintiff took a different tack, and said, "How about next time you come back I will."

44.     Defendant Anderson sat down on her love seat and got out his electronic calendar and came up with a date and time when he could return, to which Plaintiff agreed.

45.     Before leaving, Defendant Anderson asked Plaintiff, "Are you mad at me?  Are you upset?" to which she replied as convincingly as possible, "I'm just mad you wouldn't let me go to sleep."

46.     Once Defendant Anderson left her house, Plaintiff broke down crying, and began pacing trying to figure out what she should do.

47.     Plaintiff went into her bathroom and wiped herself off.

48.     Plaintiff, hysterical and exhausted, forced herself to be strong and handle this situation, relating the story to a friend who convinced her to call "9-1-1."

49.     Despite her fear of calling the same number that brought Defendant Anderson to her house in the first place, Plaintiff's resolve in trying to prevent this from happening to some other victim, resulted in a call to 9-1-1.

50.     To ensure that Defendant Anderson would not learn of the call, Plaintiff asked to speak to a supervisor, that ultimately resulted in Police Officer Webb coming to her home where she made the report of this incident.

51.     Upon being instructed by Officer Webb that she must go to the police station and must bring the tissue she used to wipe herself off, Plaintiff drove to Bristol Borough Police Department where she was kept and questioned for seven hours by a detective and other police personnel before she was finally taken to Frankford Hospital for forensic testing.

52.     Thereafter, a police investigation ensued.

53.     On September 8, 2008, the Bristol Borough Council accepted the resignation of police officer Samuel C. Anderson.

54.     On December 17, 2008, Defendant Anderson was arrested and charged with, *inter alia*, Official Oppression, based on the allegations that he pressured a woman to engage in sex acts with him while he was on duty.

55.     On March 23, 2009, before the Honorable Jeffrey L. Finley, Defendant Anderson pled guilty to the charge of Official Oppression and was sentenced to serve 3 – 23 months of incarceration, and was ordered to have no contact with Plaintiff, to undergo a mental health evaluation, to be supervised by the sex offender unit of the probation department, and was forbidden from working in law enforcement while on probation.

56.     On information and belief, this incident with Plaintiff was not the first time that Defendant Anderson had been accused of engaging in sexual acts while acting in his official capacity as a police officer.

57.     On information and belief, another woman complained of how she was treated by Defendant Anderson acting in official capacity as a police officer.

58.     On information and belief, the above stated allegations were known or should have been known by those in Bristol Borough who have the authority and are responsible for the hiring, training, supervision and discipline of Bristol Borough police officers, including but not limited to Defendant Porter, Defendant Moors and Defendant DiRenzo.

59.     As a direct and proximate cause of Defendants' conduct, Plaintiff lives in constant fear of police, and has suffered and continues to suffer mental pain and anguish including depression, paranoia, and bipolar symptoms that have negatively impacted both her personal and professional life.  She was unable to continue at the job she held at the time of the incident.

## COUNT I
### FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983 and 42 U.S.C. § 1988
### Plaintiff Joanne Cipressi  v. Defendant Anderson

60.     Plaintiff Joanne Cipressi hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

61.     As a direct and proximate result of the actions of the Defendant Anderson, Plaintiff was sexually assaulted forcibly and against her will, causing her tremendous physical and psychological trauma, thereby intentionally depriving her of her rights, privileges and immunities in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, to be free from the use of excessive, unreasonable and unjustified force against her person, to be free of unreasonable seizures and excessive force and to due process and equal protection under the law.

62.     As a direct and proximate cause of the actions of Defendant Anderson, Plaintiff suffered the following injury and damages:

      a.     Violation of her constitutional rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, her rights to be free in her person, to be free of unreasonable searches and seizures, to be free of excessive force, and to due process and equal protection under the law;

      b.     Loss of her physical liberty;

      c.     Physical and psychological pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

63.    The above-described actions of Defendant Anderson were so malicious, intentional and reckless and displayed such a reckless indifference to the Plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

## COUNT II

## FEDERAL CAUSE OF ACTION: 42 U.S.C. § 1983 and 42 U.S.C. § 1988
## Joanne Cipressi  v. Defendants Bristol Borough, Porter, Moors and Morris

64.    Plaintiff Joanne Cipressi hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

65.    As a direct and proximate result of the actions of the Defendants, jointly and individually, Plaintiff was sexually assaulted forcibly and against her will, causing her tremendous physical and psychological trauma, thereby intentionally depriving her of her rights, privileges and immunities in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, to be free from the use of excessive, unreasonable and unjustified force against hers person, to be free of unreasonable seizures and excessive force and to due process and equal protection under the law.

66.    Defendant Bristol Borough, Defendant Porter, Defendant Moors and Defendant Lutz as a matter of policy or practice, has, with deliberate indifference to the rights of its citizens, including Plaintiff, failed to:

      a.     adequately hire, discipline, train, supervise and/or otherwise direct employees, including Defendant Anderson in this case, concerning the rights of persons;

b.      establish a system which properly identifies, reports and/or investigates instances of improper conduct by its employees, including Defendant Anderson in this case; and

c.      adequately sanction and/or discipline its employees, including Defendant Anderson in this case, for violations of the rights of persons;

hereby causing Defendants, in this case, to engage in the unlawful conduct described herein.

67.      Defendants have intentionally with deliberate indifference to the rights of persons, such as Plaintiff, failed to establish a system which properly identifies, reports and/or investigates instances of improper conduct, and thereby, permitted, encouraged and tolerated a pattern and practice of employees, officials, and agents, including Defendant Anderson in this case, in abusing their powers.

68.      Defendants, as a matter of policy or practice, have, with deliberate indifference to the rights of persons, such as Plaintiff, failed to adequately sanction and/or discipline its employees, officials, and agents, including Defendant Anderson in this case, for violations of the rights of individuals, thereby causing Defendant Anderson in this case to engage in the unlawful conduct described herein.

69.      Defendants, as a matter of policy or practice, have, with deliberate indifference to the rights of persons, such as Plaintiff, failed to adequately sanction and/or discipline its employees, officials, and agents, including the Defendants in this case, who are aware of and conceal violations of the rights of citizens, thereby causing and encouraging Defendants in this case to engage in the unlawful conduct described herein.

70.      As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

a.      Violation of her constitutional rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania; and in particular, her rights to be free in her

person, to be free of unreasonable searches and seizures, to be free of excessive force, and to due process and equal protection under the law;

      b.      Loss of her physical liberty;

      c.      Physical pain and suffering and emotional trauma and suffering, some or all of which may be permanent.

71.     As a direct result of the intentional improper and unlawful acts of the Defendants in this case, Plaintiff suffered from, and continue to suffer from a loss of life's pleasures.

## STATE CAUSES OF ACTION

### COUNT III

### ASSAULT AND BATTERY

### Joanne Cipressi v. Defendant Samuel C. Anderson

72.     Plaintiff Joanne Cipressi hereby incorporates the preceding paragraphs of this Complaint as set forth above.

73.     By the conduct set forth above, including being pressured into removing all of her clothing, being forcibly sexually violated by both the Defendant's tongue and fingers, and being physically sexually assaulted in general, Defendant Anderson caused and intended to cause a harmful and offensive contact with the body of Plaintiff.

74.     By the conduct set forth above, Defendant Anderson caused and intended to cause Plaintiff immediate and harmful injury.

75.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical injury and pain, emotional distress, humiliation, mental pain and anguish.

## COUNT IV
## FALSE IMPRISONMENT
### Joanne Cipressi v. Defendant Samuel C. Anderson

76.     Plaintiff Joanne Cipressi hereby incorporates the preceding paragraphs of this Complaint as set forth above.

77.     By the conduct set forth above, including following her into her house, closing the door and standing in front of it blocking the exit to the house and using his police presence to trap her in the position where the assault occurred, Defendant Anderson caused and intended to cause Plaintiff to be confined by the threat and use of physical force and duress.

78.     As a result of the conduct described above, Plaintiff was in fact confined without her consent and against her will.

79.     Defendant Anderson, without legal cause or justification, used physical force, threats, and actual or apparent physical barriers to overcome Plaintiff and effect a confinement.

80.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered physical pain and injury; and continues to suffer emotional distress, humiliation, mental pain and anguish.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Joanne Cipressi v. Defendant Samuel C. Anderson

81.     Plaintiff Joanne Cipressi hereby incorporates the preceding paragraphs of this Complaint as set forth above.

82.     By engaging in the offensive conduct described above, Defendant Anderson intentionally and/or recklessly caused severe emotional distress to Plaintiff.

83.     This conduct was extreme and outrageous and went beyond all bounds of decency, and was designed to cause physical harm, fear, grief, shame, humiliation, embarrassment, and anger.

84.     As a direct and proximate result of the aforementioned conduct, Plaintiff suffered and continues to suffer physical injury, severe emotional distress, humiliation, mental pain and anguish, and such other and further losses to be established at trial.

**WHEREFORE**, Plaintiff, Joanne Cipressi, demands judgment against all Defendants, jointly and/or severally, in an amount in excess of One Hundred Thousand ($100,000.00) Dollars and requests the following relief:

  a.     Declaratory judgment;

  b.     Compensatory damages;

  c.     Punitive damages;

  d.     Reasonable attorney's fees and costs;

  e.     Other and further relief as this Court may deem appropriate.

Respectfully submitted,

**James, Schwartz & Associates, P. C**.

By:      _____/s/ Jonathan J. James, JJJ 6405_____
         JONATHAN J. JAMES, ESQUIRE
         Attorney I.D. #64534
         jjames@jjslawfirm.com

By:      _____/s/ Michael C. Schwartz MCS 6449_____
         MICHAEL C. SCHWARTZ, ESQUIRE
         Attorney I.D. # 39475
         mschwartz@jjslawfirm.com

14

By: _____ /s/ Jill J. Holden _____

JILL J. HOLDEN, ESQUIRE
Attorney I.D. #92119
jholden@jjslawfirm.comm


1500 Walnut Street - 21st Floor
Philadelphia, Pa 19102
Tel: (215) 751-9865
Fax: (215) 751-0658
Attorneys for Plaintiff

Date: April 9, 2010